[No. 20002.   Department Two.   August 27, 1926.]

AMANDA COBB, *Respondent*, v. MERCHANTS RATING &
ADJUSTING COMPANY, *Appellant*.[1]

[1] HUSBAND AND WIFE (19, 23-1)—WIFE'S SEPARATE ESTATE—PROP-
ERTY PURCHASED BY WIFE—EVIDENCE—WEIGHT AND SUFFICIENCY.
Findings quieting a married woman's title to property as her
separate estate are sustained where it appears that she paid for
the real estate from her separate funds, and also largely for the
improvements, and there is no evidence indicating with any cer-
tainty what, if any, community funds were used in acquiring
the improvements.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered January 2, 1926,
upon findings in favor of the plaintiff, in an action to
quiet title, tried to the court.  Affirmed.

*Chas. W. Gillespie,* for appellant.
*Henry Madigan,* for respondent.

PARKER, J.—The plaintiff, Mrs. Cobb, commenced
this action in the superior court for Spokane county
seeking a decree, as against the defendant adjusting
company, quieting title in herself, as her separate
property, to a lot and a small dwelling house thereon,
situated in the city of Spokane, of the total value of
only a few hundred dollars.  A trial in that court upon
the merits resulted in a decree as prayed for by Mrs.
Cobb, from which the adjusting company has appealed
to this court.

Mr. and Mrs. Cobb were married in 1905.  Some two
years thereafter, Mrs. Cobb contracted, in her own
name, for the purchase of the lot in question, then mak-
ing a small payment of the agreed purchase price, which
was to be $250.  Thereafter she made final payment on

[1]Reported in 248 Pac. 807.

the whole of the purchase price, and the title to the lot was accordingly conveyed to her in her own name. She improved the lot by building thereon a very small two-room house, to which she later added two additional rooms. She has occupied the house as a home.

In June, 1923, there was rendered in a justice's court of Spokane county a judgment against Mr. Cobb in favor of the adjusting company for $27.90. Mrs. Cobb was not made a party to that action, though we shall assume that the judgment was rendered for a community debt. That judgment was, by the due filing of an abstract thereof in the superior court for Spokane county, made of record in that court, and execution duly issued thereon and a sale of the alleged community interest in the property made by the sheriff to the adjusting company. Thereafter, in due course, a sheriff's deed conveying the property to the adjusting company was accordingly executed by the sheriff. Apparently, it was not until after the execution of the sheriff's deed that Mrs. Cobb discovered the attempt to sell the premises as the community property of herself and Mr. Cobb.

[1] There is nothing of serious moment here involved, other than the question of fact as to whether or not the lot and improvements thereon were bought, constructed and paid for by Mrs. Cobb with her separate funds. The trial court awarded decree quieting title in her upon the theory that she so acquired the property. The evidence, to our minds, leaves little doubt but that Mrs. Cobb bought the lot with a view of acquiring it as her separate property, and that it was paid for with her separate funds. The conclusion that the improvements were also paid for by her with her separate funds is not quite so clearly proven, though we think the evidence, as a whole, shows that the improvements were very largely, if not wholly, so paid for, and

there is no evidence in the record indicating with any degree of certainty as to what amount, if any, of the community funds was used in aid of the acquisition of the improvements. Upon the whole record, we cannot say that the evidence does not preponderate in support of the trial court's conclusions in favor of Mrs. Cobb, touching these questions of fact.

The decree quieting title in Mrs. Cobb as against the claims of the adjusting company is affirmed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and MAIN, JJ., concur.